**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Jay GREGORY, Defendant–Appellant.**

**No. 88–1192.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1989.

Decided Dec. 8, 1989.

Bedford Douglass, Jr., Mesa, Ariz., for defendant-appellant.

Darcy A. Cerow, Linda A. Akers, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Before CHOY, CANBY and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Donald J. Gregory appeals his conviction for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Gregory contends that the district court erred by not instructing the jury on the lesser included offense of bank larceny and by not suppressing identification evidence and statements elicited by police questioning.

## I

## LESSER INCLUDED OFFENSES

■ Gregory contends that the district court erred by refusing to give the jury his requested instruction on the offense of bank larceny, 18 U.S.C. § 2113(b), as a lesser offense necessarily included in bank robbery, 18 U.S.C. § 2113(a). Federal Rule of Criminal Procedure 31(c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged." Whether one offense is "necessarily included" in another is reviewed de novo. *United States v. Brown*, 761 F.2d 1272, 1278 (9th Cir.1985).

■ Our circuit originally held that a lesser included offense is one that possesses an "inherent relationship" to the greater crime charged. *See United States v. Lopez*, 885 F.2d 1428, 1436 (9th Cir.1989). Our "inherent relationship" test, however, has been rejected by the Supreme Court in *Schmuck v. United States*, —— U.S. ——, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989) in favor of the "elements" test. *See Lopez*, at 1436. Under the elements test, a lesser offense cannot contain an element not required for the greater offense. *Id.* at 1436, quoting *Schmuck*, 109 S.Ct. at 1450. *Schmuck* clearly requires that the elements of the lesser crime must form a subset of those of the charged offense in order for the lesser offense to be included in the greater one.

■ We are now required to decide for the first time since *Schmuck* whether bank robbery necessarily includes bank larceny as a lesser offense.[1] Bank robbery is defined as taking or attempting to take "by force and violence, or by intimidation ... or ... by extortion" anything of value from the "care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association...." 18 U.S.C. § 2113(a). Bank larceny, by con-

trast, is defined as taking and carrying away *"with intent to steal or purloin,* any ... thing of value ... in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association...." 18 U.S.C. § 2113(b) (emphasis added). Bank larceny, therefore, contains a specific intent element which need not be proved in the bank robbery context. The elements of Gregory's alleged lesser offense do not constitute a subset of the elements of the crime with which he was actually charged. *See Lopez*, at 1436. We thus hold that bank larceny cannot be "necessarily included" in bank robbery. Accordingly, the district court did not err in refusing Gregory's lesser included offense instruction.

## II

## IDENTIFICATION TESTIMONY

■ Gregory contends that the district court erred by admitting two witnesses' in-court identifications of him because prior out-of-court identification procedures tainted the in-court identifications. The admission of in-court identification testimony is reviewed for an abuse of discretion. *United States v. Browne*, 829 F.2d 760, 764 (9th Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988).

■ Even if the identification procedure is impermissibly suggestive, the identification itself is admissible if it is nonetheless reliable. *United States v. Givens*, 767 F.2d 574, 581 (9th Cir.), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985). Even assuming that the photospread lineup was impermissibly suggestive, the in-court identifications of Gregory appear to be reliable in light of the analysis set forth in *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382–383, 34 L.Ed.2d 401 (1972).[2] Both witnesses observed the

---

1. Applying the inherent relationship test, our circuit once stated in dictum that larceny "will always be a lesser included offense of burglary." *United States v. Johnson*, 637 F.2d 1224, 1234 (9th Cir.1980) (holding that assault with a dangerous weapon is inherently related to assault resulting in serious bodily injury).

2. In *Neil*, the Supreme Court instructed trial courts to evaluate:

   [1] [T]he opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by

robber at close range for approximately 30 seconds. Because they were aware that a robbery was in progress, both witnesses focused on the robber's face. Shortly after the robbery, both witnesses described the robber to the police. Less than one week after the robbery, the two identified with certainty the robber from a photo spread. The witnesses' observation of the robber and later identification of Gregory resemble other identifications found to be reliable. *Cf. United States v. Monks*, 774 F.2d 945, 947 (9th Cir.1985). We hold that the district court did not abuse its discretion in allowing the two witnesses to identify Gregory in court.

## III

### CUSTODIAL INTERROGATION

 Gregory contends that the district court erred by admitting statements he made to FBI agents because he was subjected to custodial interrogation without first being admonished regarding his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court's decision that Gregory was not in custody is reviewed for clear error. *United States v. Hudgens*, 798 F.2d 1234, 1236 (1986).

 Whether an individual is in custody for purposes of *Miranda* depends on the totality of the circumstances at the time he is restrained. *United States v. Allen*, 699 F.2d 453, 458 (9th Cir.1982). To determine whether Gregory was in custody while the FBI agents were questioning him, we consider whether a reasonable person in Gregory's position would conclude that he was not free to leave. *Hudgens*, 798 F.2d at 1236 (quoting *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir.1981)).

 The district court concluded that Gregory was not in custody because he consented to be interviewed in his house, he was interviewed in the presence of his wife, the interview lasted only a brief time, and no coercion or force was used.[3] Although the agents initially drew their guns, they returned them to their holsters prior to the interview. They stated that they wanted to question Gregory about some robberies committed in Phoenix and they made no suggestion that Gregory would not be free to leave. The entire interview lasted only a few minutes. Based on this evidence we hold that the district court's finding that Gregory was not in custody was not clearly erroneous.

## IV

### SPECIAL ASSESSMENT

 Gregory was ordered to pay a special assessment fee of $50 pursuant to 18 U.S.C. § 3013. Our circuit has held that the special assessment pursuant to 18 U.S.C. § 3013 violates the origination clause of the Constitution, article I, section 7. *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988). Although Gregory did not argue the issue in his appeal, we raise it sua sponte. *See Shah v. United States*, 878 F.2d 1156, 1163 (9th Cir.1989). We therefore reverse that part of Gregory's sentence and remand to the district court to vacate the assessment.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

the witness at the confrontation, and [5] the length of time between the crime and the confrontation.
*Id.*

**3.** The district court analyzed the totality of the circumstances using the five factors set forth in *Booth*:

One. The language used by the officers in summoning the person interviewed.

Two. The physical characteristics of the place where the interrogation occurred.

Three. The degree of pressure applied to detain the individual.

Four. The duration of the detention.

Five. The extent to which the person was confronted with evidence of his guilt.

*Hudgens*, 798 F.2d at 1236, citing *Booth*, 669 F.2d at 1235.