8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel Thomas CARROLL, Petitioner-Appellant,
v.
Roger W. CRIST, Warden; Attorney General of the State of
Arizona, Defendants-Appellees.
 No. 92-16028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Thomas Carroll, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. Following a jury trial, he was convicted of aggravated assault, kidnapping, and armed robbery and sentenced to 36 years imprisonment. Carroll contends that (1) the trial court denied him a fair trial by admitting the victim's in-court identification of him; (2) the trial court denied him a fair trial by failing properly to control the jury's viewing of his car and by admitting the victim's identification of the car; and (3) an instruction pursuant to Allen v. United States, 164 U.S. 492 (1896), improperly coerced the jury into reaching a verdict. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and affirm.
 
 
 3
 First, Carroll contends that the trial court denied him a fair trial by admitting the victim's in-court identification of him. This contention lacks merit.
 
 
 4
 A criminal defendant has a fundamental due process right to fair identification procedures. See Stovall v. Denno, 388 U.S. 293, 297-98 (1967); United States v. Wade, 388 U.S. 218, 235 (1967). An in-court identification that has been tainted by a prior impermissibly suggestive identification procedure is admissible if, under the totality of the circumstances, it nonetheless is reliable. United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991); United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989). To determine whether an identification is reliable, the trial court must consider: " ' [T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' " Gregory, 891 F.2d at 734 n. 2 (quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972)); see also United States v. Dring, 930 F.2d 687, 692-93 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992).
 
 
 5
 Here, Carroll and his codefendant, Gregory Paul Johnson, beat the victim, Duane Jones, for two hours. They then put him in the trunk of Carroll's car and drove him out into the desert, where they shot him in the back of the neck. Jones identified Carroll at a pretrial hearing where Carroll and Johnson were the only people available for identification. At trial, Jones again identified Carroll as one of the assailants.
 
 
 6
 Even though Jones's glasses were broken during the beating, and at various times he was wrapped in a drop cloth or had a towel draped over his head, Jones had some opportunities to view Carroll. See Gregory, 891 F.2d at 734 n. 2. The Arizona Court of Appeals found that Jones paid close attention during the crime, and that before the pretrial hearing, he described Carroll with considerable accuracy. See id. Jones was unable to identify Carroll in a photographic lineup. Nonetheless, although the pretrial hearing took place fourteen months after the crime, Jones stated that his level of certainty regarding his identification at the pretrial hearing was nine on a scale of one to ten. After hearing Carroll speak and seeing him when an elevator door opened outside the courtroom, Jones had no doubt regarding his in-court identification. Under the totality of these circumstances, the district court did not err by finding that the admission of the in-court identification did not deprive Carroll of a fair trial. See Dring, 930 F.2d at 692-93; Gregory, 891 F.2d at 734 n. 2.
 
 
 7
 Second, Carroll contends that the trial court denied him a fair trial by failing properly to control the jury's viewing of his car and by admitting Johnson's identification of the car. This contention lacks merit.
 
 
 8
 A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the claimed error deprived the petitioner of the fundamentally fair trial guaranteed by due process. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (federal habeas relief not available for errors of state law); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 9
 Carroll argues that jurors participated in the viewing of the car, witnesses made spontaneous comments, and some jurors could not hear all of the proceedings. As the district court found, juror participation such as suggesting a way to open the car's trunk did not prejudice Carroll. The trial court sustained objections to witnesses' comments and ordered the court reporter to delete them when testimony was read back later. The reading back of the testimony resolved the issue of the jurors' hearing problems. Under these circumstances, the district court did not err by finding that the viewing of the car did not deny Carroll a fair trial. See McGuire, 112 S.Ct. at 480; Jammal, 926 F.2d at 919-20.
 
 
 10
 Carroll argues that Jones's identification of the car should not have been admitted because his earlier description of the car was different, and before trial the police showed him only one car, rather than a lineup of cars, to identify. As the district court stated, Jones's identification was subject to cross-examination and was corroborated by another witness. The admission of the identification did not deny Carroll due process. See McGuire, 112 S.Ct. at 480; Jammal, 926 F.2d at 919-20.
 
 
 11
 Third, Carroll contends that a jury instruction pursuant to Allen v. United States, 164 U.S. 492 (1896), was improper. See id. at 501-02 (approving instruction to deadlocked jury to continue deliberating in order to reach a verdict). This contention lacks merit.
 
 
 12
 Allen instructions are improper only when they coerce the jury into reaching a verdict. Lowenfield v. Phelps, 484 U.S. 231, 237 (1988); United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988). To determine whether the jury was coerced, we examine the following factors: "the form of the jury charge, the period of deliberation following the charge, the total time of deliberation, and other indicia of coerciveness or pressure." United States v. Cuozzo, 962 F.2d 945, 951 (9th Cir.), cert. denied, 113 S.Ct. 475 (1992).
 
 
 13
 Here, after nine hours of deliberation, the jurors stated that they could not reach a verdict. The trial court then instructed them as follows:
 
 
 14
 Ladies and gentlemen of the jury, I know you've been working hard to reach a verdict in this case. However, I'm going to ask you to--to go back in and try to reason together one more time, and see if you can reach a verdict in this case.
 
 
 15
 I'd like--I'd like you to go back in and try to reason together and see if you can't reach a verdict, due to the length of the trial, and also given the amount of time you have to deliberate in the case.
 
 
 16
 The form of this instruction was not coercive; the trial court did not demand that the jury return a verdict. We reject Carroll's argument that the reference to the length of the trial implied that the judge believed there was sufficient evidence to find Carroll guilty. See Cuozzo, 962 F.2d at 951. The judge's failure to remind the jurors not to surrender their beliefs simply to reach a verdict did not render the instruction coercive. Moreover, after receiving the Allen instruction, the jurors deliberated for another three hours before returning a verdict; they did not immediately reach an agreement. Under these circumstances, the district court did not err by denying Carroll's jury instruction claim. See Cuozzo, 962 F.2d at 951; Wauneka, 842 F.2d at 1088.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3