9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Bruce LANE, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondent-Appellee.
 No. 92-16699.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Nov. 2, 1993.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges
 MEMORANDUM**
 Defendant Robert Bruce Lane was convicted of aggravated assault and endangerment in the Arizona Superior Court and was sentenced to fifteen years of imprisonment plus fines. He seeks review of the district court's denial of his petition for writ of habeas corpus, alleging fundamental trial errors, identification obtained through impermissibly suggestive techniques, and ineffective assistance of counsel. This court reviews the district court's denial of habeas corpus relief de novo. Jeffries v. Blodgett, 974 F.2d 1179, 1185 (9th Cir.1985).
 I. ADMISSIBILITY OF PRETRIAL IDENTIFICATION EVIDENCE
 Defendant Lane contends he was denied due process of law because the victim's in-court identification was tainted by unduly suggestive pretrial identification procedures. The trial court may admit identification evidence (1) if the identification procedure was not unduly suggestive; or (2) even if it was unduly suggestive, if it was nonetheless reliable under the totality of the circumstances. United States v. Givens, 767 F.2d 574, 580 (9th Cir.1985); United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989).
 Upon an independent review of the trial record, we find the identification procedure was not unduly suggestive. On the day the victim Jerone Davis was released from the hospital, three days after he was shot, a police officer showed him a "mug" book of approximately twenty photographs and asked him to "see if ... anybody ... looked familiar." The officer told Davis that a suspect had been arrested; however, the officer did not tell him that defendant Lane was the suspect. The record does not reflect any indication that the officer directed Davis to any particular picture in the mug book. Therefore, the district court's rejection of Lane's "due process" claim was proper.
 II. WAIVER OF FUNDAMENTAL ERROR ARGUMENT
 Lane contends that there was "fundamental error" at trial, and this error was not "harmless beyond a reasonable doubt." Instead of setting forth arguments in support of this contention, he "incorporates the arguments as set forth in Appellant's Opening Brief and Reply Brief to the Arizona Court of Appeals dated June 18, 1987."
 Issues raised in the appellate brief, but not supported by argument, are deemed abandoned. Leer v. Murphy, 844 F.2d 628 (9th Cir.1988); United States v. Loya, 807 F.2d 1483, 1486-87 (9th Cir.1987). Nevertheless, we will review an issue not properly presented if a failure to do so would result in manifest injustice. United States v. Loya, 807 F.2d 1483, 1987 (9th Cir.1987). Because we find that no manifest injustice will occur if we decline to review his claim of alleged fundamental error, we will not review this issue.
 
 
 1
 III. INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT
 
 
 2
 Defendant Lane also contends that he was denied effective assistance of counsel at trial because his attorney (1) failed to object or move for a mistrial when a state's witness mentioned Lane's invocation of the right to counsel after he was advised of his Miranda rights, and (2) failed to request a jury instruction on lost evidence.
 
 
 3
 The effectiveness of counsel is a mixed question of law and fact and is thus reviewed de novo. Lane must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that his counsel's performance prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 A. Reference to Invocation of Miranda Rights
 
 
 5
 Lane has not shown that it was objectively unreasonable for his lawyer to fail to object to the reference to his invocation of Miranda rights or move for a mistrial. As the prosecution points out, there are a number of reasons why a reasonable lawyer might have decided not to do so. Thus, Lane has failed to satisfy the first prong of the Strickland test.
 
 
 6
 B. Failure to Request Jury Instruction on Lost Evidence
 
 
 7
 Lane also fails in his "ineffective assistance of counsel" claim with regard to a failure to request a jury instruction. He has not shown that a reasonable lawyer would have requested a jury instruction on lost evidence. Furthermore, he has not shown that his attorney's failure to request the jury instruction prejudiced the outcome of his trial.
 
 
 8
 Thus, we reject both of Lane's "ineffective assistance of counsel" claims.
 
 CONCLUSION
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3