19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee BALL, Defendant-Appellant.
 No. 93-30067.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 16, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Lee Ball appeals his conviction under 21 U.S.C. Sec. 841(a)(1) and his sentence under 21 U.S.C. Sec. 841(b)(1)(B).
 
 
 3
 A. Ball challenges his conviction on the ground that certain inculpatory statements should have been suppressed at trial because they were the product of a custodial interrogation in which he was not informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 4
 We evaluate whether Ball was in custody by determining whether a reasonable person in similar circumstances would have felt free to leave. United States v. Booth, 669 F.2d 1231, 1235 (9th Cir.1981).[1] Here, Ball complains of "psychological coercion" in that he was leaving the shower and only partially dressed when he met the officers; he was confronted with evidence of guilt; and he was told leniency might follow a confession. At the same time, Ball consented to be interviewed in his home; his girlfriend was present; he was free to move about, smoke and speak to his girlfriend; no physical force was used or threatened; and the interview lasted only about half an hour.
 
 
 5
 These circumstances do not amount to custody for Miranda purposes. In Beckwith v. United States, 425 U.S. 341 (1976), IRS agents came to the suspect's home at 8 a.m. when defendant was only partially dressed; he understood himself to be the focus of a criminal tax investigation; and the interview lasted almost three hours. Nonetheless, the Court rejected the argument that the "psychological restraints" rose to the level of custody. In United States v. Gregory, 891 F.2d 732 (9th Cir.1989), we found no custody when a suspect consented to be interviewed in his home with his wife present, even though the FBI agents initially drew their guns. Cf. United States v. Beraun-Panez, 812 F.2d 578 (9th Cir.1987), modified, 803 F.2d 127 (9th Cir.1987) (custody found where officers isolated suspect, positioned him between officers, repeatedly accused him of lying, employed good cop/bad cop tactics and threatened him with deportation if he continued to lie). Nor have we found a confession involuntary by virtue of an interrogation agent's promise to inform the prosecutor of cooperation and to recommend leniency. See United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988). The interview here did not rise to the level of custodial interrogation and the district court properly denied Ball's motion to suppress.
 
 
 6
 B. Ball next challenges the constitutionality of the mandatory minimum sentence under 21 U.S.C. Sec. 841 on the grounds that it fails to take account of co-conspirators' respective roles in the offense or relevant past conduct, and allows the prosecutor to manipulate sentencing based on the offense charged and the facts submitted to the Probation Department in the presentence investigation. Specifically, Ball complains that he received a sentence twice as long as co-conspirator Oaks even though they were both charged with possession with intent to distribute one kilogram of cocaine.
 
 
 7
 We've held that "sentencing disparity among codefendants is not, by itself, sufficient ground for attacking an otherwise proper sentence under the Guidelines." United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (citing United States v. Carpenter, 914 F.2d 1131 (9th Cir.1990)). Under 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II), a defendant possessing at least 500 grams of cocaine who's previously been convicted of a drug offense receives no less than a 10-year sentence. Id. Ball had three previous drug-related convictions; Oaks had none. The fact that Oaks admitted distributing over 40 kilograms of cocaine pursuant to a cooperation agreement does not create a disparity because, under the terms of the agreement, it could not be used to determine the applicable guideline range. U.S.S.G. Sec. 1B1.8.
 
 
 8
 C. Ball also argues, based on Wade v. United States, 112 S.Ct. 1840 (1992), that the prosecutor was bound to move to reduce his sentence for substantial assistance under 18 U.S.C. Sec. 3553(e) because it did so for Oaks. The government has the power, but not the duty, to make a section 3553(e) motion, Wade, 112 S.Ct. at 1843, and the district court has authority to review a prosecutor's refusal to exercise that power and to grant a remedy if the refusal is based on unconstitutional motive or is "not rationally related to any legitimate Governmental end." Id. at 1844. Ball didn't allege the first and the government's refusal to move didn't fall within the second. Oaks fully confessed, pleaded guilty, disclosed names of members of his organization and testified before the grand jury and at various trials. Ball could not or did not provide such extensive assistance to the government.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not yet resolved whether the district court's determination regarding custodial interrogation should be reviewed de novo or for clear error. See United States v. Henley, 984 F.2d 1040, 1042 (9th Cir.1993). We needn't decide that issue here since, even reviewing de novo, we find Ball was not in custody