124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garfield JOSEPH, Jr., Defendant-Appellant.
 No. 95-30346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 5, 1996.
Appeal Reinstated and Submitted June 12, 1997.
Remanded August 15, 1997.
Decided Sept. 22, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CR-95-05127-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before ALARCN, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The in-home interrogation.
 
 
 3
 The district court found that the interrogation was non-custodial, and, on this record, we cannot say that the finding was clearly erroneous. See United States v. Gregory, 891 F.2d 732, 735 (9th Cir.1989). The issue is ultimately a question of fact that we review with great deference. This case is factually distinguishable from United States v. Beraun-Panez, 812 F.2d 578 (9th Cir.1987).
 
 
 4
 2. Restrictions on cross-examination.
 
 
 5
 The district court committed no error by barring cross-examination as to the 1991 accusation. The judge's proper concern with confusion of the issues, under Federal Rule of Evidence 403 was not allayed, because the offer of proof, so far as we can tell from the record, left uncertainty as to what would be proved. Defense counsel said that the victim had in 1991 accused Joseph of the same thing, but recanted. The prosecutor made an irrelevant argument based on Federal Rule of Evidence 412, which the judge properly rejected. The prosecutor also said there had not been a recantation, just evidence too weak to justify putting the victim through the misery of trial. Defense counsel did not put anything into the record to allay the district court's concern that the evidence would show merely that the victim had accused the defendant of doing the same thing before, not that she had admitted to a prior false accusation of the defendant.
 
 
 6
 As to the 1993 accusation, defense counsel's argument was that the victim had accused her stepfather, and then "attempted to clarify to law enforcement agents that it was not her stepfather who had molested her previously, it was Garfield Joseph, Jr." The prosecutor made the same irrelevant Rule 412 argument, properly rejected by the district judge, and the district judge exercised his discretion to exclude the evidence about the 1993 report based on confusion and hearsay.
 
 
 7
 We cannot identify an abuse of discretion in this ruling. From the limited proffer that was made, the district judge (and we) cannot tell whether the victim changed her story, or whether she had said the same thing all along and merely corrected the agents' misunderstanding of her story. Also, the hearsay problem was substantial. The trial judge expressed concern that this purported evidence of a prior false accusation should not "come before this court through Mr. Gunn, who knows absolutely nothing about it and is reading for the sake of it being said." Piecing this scanty record together, we infer that Mr. Gunn would be reading a police report, but would lack the personal knowledge of the events. The evidence of what the victim had said was not being introduced to prove the truth of what the victim had said, so was not hearsay. But it was offered to prove the truth of the proposition that she had said one thing, and then another that contradicted it, so the evidence that the victim had changed her story was offered to prove the truth of the proposition that she had in fact changed her story. For that, someone with personal knowledge, who could say whether she had changed her story or merely clarified a previously misunderstood but consistent account, was necessary, unless some exception to the hearsay rule applied. None had been pointed out. What the victim said was not introduced for its truth, but what some unknown person had said she said was offered for its truth, so the hearsay rule applied.
 
 
 8
 3. Gunn's Opinion.
 
 
 9
 The prosecutor asked the FBI interviewer about "typical" interviews of suspects, and got answers that "from a person who is innocent, we often get an immediate denial, a no. A quick, immediate denial.... Strong denial immediately." The FBI agent also said he had never had an innocent person confess.
 
 
 10
 Even if we were to assume that admission of this testimony was plain error, any such error was harmless in light of the weight of the remaining evidence, particularly Joseph's confession.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3