UNITED STATES of America, Plaintiff–Appellee,

v.

Thomas John ST. GEORGE, Defendant–Appellant.

No. 00–10434.

D.C. No. CR 99–00368–LDG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided June 22, 2001.

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Thomas John St. George ("St. George") reserved the right of appeal from the denial of his suppression motion, and pled guilty to two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred in holding that the police did not violate his *Miranda* rights on the ground that he was not in custody, and in

---

1. We note, however, that Pettigrew has conceded that he has not shown disability before September 1995.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**428**

refusing to suppress his statements and the physical evidence the police obtained as a result of his statements. We affirm.

In determining whether an individual was in custody, "the ultimate inquiry is simply whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (quoting *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)). "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California,* 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). Therefore, we consider "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

Here, the circumstances under which St. George made the admission that he possessed firearms were neither custodial nor coercive. Although the officers initiated the contact with St. George at 10:00 p.m., St. George was still awake and invited the officers into his home. The language used by the officers to initiate the interview was not demanding.

That the encounter occurred in St. George's home also supports the district court's conclusion that St. George was not in custody at the time he made his comments regarding the firearms. *See United States v. Gregory,* 891 F.2d 732, 735 (9th Cir.1989); *United States v. Eide,* 875 F.2d 1429, 1437 (9th Cir.1989); *but see United States v. Bekowies,* 432 F.2d 8, 12 (9th Cir.1970) ("Custody will be found if the person questioned is effectively deprived of his freedom of movement, even though the interrogation occurs in his own home."). Moreover, despite the number of officers present, there is no evidence of physical, or psychological, pressure to detain St. George prior to his arrest. No guns were drawn (and may not have even been visible) and he had not been handcuffed. *Cf. Gregory,* 891 F.2d at 735 (concluding that no coercion or force was used where police initially drew their guns and then reholstered them prior to the interview). Here, there is no suggestion that St. George was not free to terminate the conversation had he wished to do so.

The direct testimony and cross-examination at the suppression hearing showed that the interview was amicable and St. George was cooperative. *See Eide,* 875 F.2d at 1437 (holding that because the FBI agents interviewed defendant at his home and the meeting was amicable, the agents were not required to administer *Miranda* warnings). Viewing the totality of the circumstances, St. George clearly was not in custody when he made his statements concerning the firearms.

AFFIRMED.