**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hoang Thanh PHAN, Defendant–
Appellant.**

No. 01–30134.

DC# CR–00–00282–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.[*]

Decided Nov. 15, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

Hoang Thanh Phan appeals his jury trial conviction and sentence for three counts of bank fraud, and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 2 and 371, respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

■ Phan contends that the district court erred by failing to suppress two statements allegedly obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court found that Phan was not in custody when either statement was made, therefore, his *Miranda* rights were not implicated. We review the district court's determination de novo. *United States v. Coutchavlis*, 260 F.3d 1149, 1157 (9th Cir. 2001).

A person is in custody if under the totality of the circumstances, a reasonable person would believe that he or she was not free to leave. *United States v. Melvin*, 91 F.3d 1218, 1222 (9th Cir.1996).

**The May 29, 1999 Statement:**

The first statement was made to FBI agents in Phan's home, without advisement of his *Miranda* rights. Phan contends that he was in custody because 1) he was the target of the FBI's investigation, 2) the interview in his home lasted over three hours, 3) he is not fluent in English, and 4) he did not feel that he could terminate the interrogation and leave. Phan's contention is unpersuasive.

■ First, Phan's subjective view is relevant, but not determinative because we look at the objective circumstances involved. *United States v. Butler*, 249 F.3d 1094, 1099 (9th Cir.2001). Second, being a target of the FBI's investigation does not require that *Miranda* warnings be given prior to non-custodial questioning. *See United States v. Eide*, 875 F.2d 1429, 1437 (9th Cir.1989). Third, Phan invited the FBI agents into his home, where he was interviewed in a cordial manner, and he was neither restrained in any way, nor threatened with arrest. Based on the totality of the circumstances, the district court correctly determined that Phan was not in custody. *See United States v. Gregory*, 891 F.2d 732, 735 (9th Cir.1989) (concluding that defendant was not in custody because he consented to being questioned in his home, even though the police initially drew their guns); *see also Eide*, 875 F.2d at 1432, 1437.

**The July 1, 1999 Statement:**

■ The second statement was made at the United States Attorney's Office subsequent to being advised of his *Miranda* rights and signing a written waiver of those rights. Phan, however, contends that the waiver was invalid because he did not understand the rights he was waiving due to his lack of fluency in English, and he signed the waiver only because he wanted to cooperate. Here too, we find Phan's contention unpersuasive.

Regardless of whether the waiver of his *Miranda* rights was valid, because Phan was not in custody, his *Miranda* rights were not implicated. *Butler*, 249 F.3d at 1098 (stating that sine qua non of *Miranda* is custody). Phan came to the U.S. Attorney's Office of his own volition, the interview was carried out in a cordial manner,

and Phan left without hindrance after being questioned. *Coutchavlis,* 260 F.3d at 1157–58; *United States v. Hayden,* 260 F.3d 1062, 1066–67 (9th Cir.2001). Once again, based on the totality of the circumstances, the district court correctly determined that Phan was not in custody. *Id.*

The district court's denial of the motion to suppress was therefore proper.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Watson's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

