**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Vicente PINEDA–TORRES,
Defendant—Appellant.**

No. 03–50140.
D.C. No. CR–00–02627–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 15, 2004.

See also 287 F.3d 860.

Lawrence E. Spong, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shereen J. Charlick, Esq., FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Appellant Vicente Pineda–Torres was indicted for importation and possession with intent to distribute marijuana. The

charges followed upon the discovery of 19.4 kilograms of marijuana in the dashboard of a car driven by Pineda–Torres at the San Ysidro, California, border crossing. A key issue at the jury trial was whether Pineda–Torres had bought, or rather had only borrowed, the car from Armando Bobadilla, which would bear on his likely responsibility for the contraband in the dashboard of the car. The jury in Pineda–Torres's second trial[1] apparently believed Bobadilla's testimony that Pineda–Torres bought, as opposed to borrowed, the car, and found Pineda–Torres guilty of the marijuana offenses. Pineda–Torres timely appealed. Pineda–Torres advances four arguments on appeal. Because the facts are known to the parties, we set forth the facts only as necessary to explain our decision.

■ Pineda–Torres first contends that his Confrontation Clause rights were violated when the district court did not allow Pineda–Torres's counsel to cross-examine Bobadilla regarding the potential criminal penalties associated with the lies Bobadilla had submitted to the California Department of Motor Vehicles.

We have stated a three part test for Confrontation Clause claims. *United States v. James,* 139 F.3d 709, 713 (9th Cir.1998). We must determine (1) whether the evidence is relevant; (2) whether there were legitimate reasons for excluding the evidence that outweighed the defendant's right to present the evidence; and (3) whether the exclusion of the evidence "left the jury with sufficient information upon which to assess the credibility of the witness." *Id.*

Here, we need go no further than part two: The first set of questions posed to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Pineda–Torres was tried before and convicted, but had his conviction reversed on other grounds. *United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir.2002). This is his direct appeal from the retrial.

Bobadilla called for Bobadilla to provide a legal conclusion. The district court was correct to sustain the prosecution's objection to these questions. *United States v. Crawford,* 239 F.3d 1086, 1090 (9th Cir. 2001) (holding that a lay witness may not testify to a legal conclusion); *United States v. Baskes,* 649 F.2d 471, 479 (7th Cir.1980) (holding that a witness's opinion testimony is inadmissable when it concerns the legal implications of certain conduct).

At a subsequent sidebar, defense counsel argued that the district court's prior ruling was incorrect and stated that the line of questioning was directed at Bobadilla's bias. But at the sidebar defense counsel did not proffer any question, much less an admissible question, that would have allowed the district court to rule directly on whether defense counsel's attempted line of questioning was permissible. Without such a proffer, we cannot ascertain whether the district court was ruling on the form of the question as it called for a legal conclusion, or on the relevance of the entire line of questioning. We decline to reverse the district court on an evidentiary matter when appellant does not clarify, by proffering to a witness or at sidebar a specific question or line of questions that reveals the basis for the trial court's ruling.[2]

■ Pineda–Torres next challenges the district court's admission of Bobadilla's in-court and out-of-court identifications of Pineda–Torres. First, Pineda–Torres claims that because the out-of-court identification was unduly suggestive, it created a presumption of taint on the in-court identification that was not overcome. *E.g., Manson v. Brathwaite,* 432 U.S. 98, 97

S.Ct. 2243, 53 L.Ed.2d 140 (1977). We review the admission of in-court identification for abuse of discretion, *United States v. Gregory,* 891 F.2d 732, 734 (9th Cir. 1989), and the facts are to be viewed in the light most favorable to the district court's decision. *United States v. Alfonso,* 759 F.2d 728, 740 (9th Cir.1985).

Under this standard, even if the out-of-court identification were assumed to be unduly suggestive, there are sufficient indicia of reliability as found by the district court. *United States v. Montgomery,* 150 F.3d 983, 993 (9th Cir.1998). The record undercuts Appellant's theory that Bobadilla was equivocal on his in-court identification of Pineda–Torres. He not only identified Pineda–Torres twice, but noted that Pineda–Torres looked thinner—an answer that is only possible if Bobadilla compared Pineda–Torres at trial versus the image from the car negotiation. Bobadilla also provided the facts underlying his claimed ability to remember Pineda–Torres; he testified about how long they negotiated, when they negotiated, and that negotiations were "face to face." This demonstrates sufficient reliability of the identification so that it is correct to affirm the district court.

■ Pineda–Torres next argues that the out-of-court identification was an unduly suggestive "show-up" and should have been excluded at trial. We review the constitutionality component of this claim de novo, *United States v. Matta–Ballesteros,* 71 F.3d 754, 769 (9th Cir.1995), by reviewing the totality of the circumstances. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Unless the identification procedure has "a very substantial likelihood of irreparable

2. Because of our resolution of this issue at the second step, we need not address whether the jury had sufficient information to evaluate Bobadilla's credibility, including assessing whether Bobadilla's belief that the federal prosecutor would not bring other potential federal charges against him, or refer potential state charges to state prosecutors, would have biased Bobadilla's testimony.

misidentification," the flaws in the identification are for the jury to weigh. *United States v. Kessler,* 692 F.2d 584, 587 (9th Cir.1982) (quoting *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). To demonstrate inadmissability, the defendant must first establish that the identification procedure was unduly suggestive. *United States v. Wade,* 388 U.S. 218, 240 n. 1, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Once that burden is met, the evidence may still be admitted if, under all the circumstances, the identification was reliable. *Matta–Ballesteros,* 71 F.3d at 769.

Even if the defendant's analogy to a criminal "show-up" is properly applicable here, in the context of questioning the witness about a commercial transaction, any suggestiveness in displaying the photograph of Pineda–Torres to Bobadilla is not controlling because the out-of-court identification was sufficiently reliable for the jury to be entrusted with weighing its flaws. Bobadilla testified that he spent anywhere from fifteen to thirty minutes face-to-face with Pineda–Torres when negotiating over the car. There is no indication that Bobadilla was inattentive. To the contrary, selling a car is such a major and unusual occurrence that Bobadilla's attention to the details of his sale, including the identity of the purchaser, must be presumed. Bobadilla identified Pineda–Torres with no hesitation or equivocation when he was unaware of the criminal investigation pending with Pineda–Torres. This is more than sufficient evidence to sustain the trial court's admission of this out-of-court identification. Under the circumstances of this case, appellant's challenge to the asserted suggestiveness of the photo display goes to weight, rather than admissibility

Pineda–Torres next contends that the prosecutor engaged in misconduct in the prosecutor's closing argument. Pineda–Torres claims that the prosecutor's closing argument violated this circuit's prohibition on admission of evidence of the structure and organization of drug organizations to imply "that [a defendant] knew of the drugs in his car because of his role in that organization." *United States v. Vallejo,* 237 F.3d 1008, 1017, *as amended,* 246 F.3d 1150 (9th Cir.2000). We review the alleged misconduct for abuse of discretion when the district court overrules an objection. *United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999). We review the claim of misconduct here in light of the entire record, *id.* at 1204, and in that light this claim fails. A reading of the record indicates that, while the prosecutor may have come close to the line once,[3] the prosecutor's argument that is asserted to be "misconduct" was not improper. Rather, the prosecutor made a simple inferential argument to defeat the defendant's blind mule theory. The prosecutor was arguing that it would be unreasonable to think that someone else would hide over $30,000 worth of merchandise in a car, without the driver's knowledge, and hope to be able to recover it after the car made it across the border. The prosecutor was not suggesting that Pineda–Torres was a member of a large drug smuggling operation, such as a cartel. The prosecutor's argument rests on a permissible theory for which evidence can be (and was) introduced and such an argument can be made in closing in a case such as this. *See United States v. Murillo,* 255 F.3d 1169, 1177 (9th Cir.2001); *United States v. Davila–Escovedo,* 36 F.3d 840, 843 (9th Cir. 1994); *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.1988).

---

**3.** An objection was sustained to the statement "He is a courier. His job, in this case, was to drive."

Finally, Pineda–Torres challenges the portion of the grand jury instructions that instructed the grand jury that they were not to consider the wisdom of the laws Congress passed nor were they to consider possible punishments when making their probable cause determination. Pineda–Torres urges that these instructions violated the grand jury's right to nullify an indictment. This argument has no merit because it is foreclosed by *United States v. Marcucci*, 299 F.3d 1156 (9th Cir.2002) (holding that these exact same instructions did not violate the Fifth Amendment grand jury clause by not telling the grand jury they could nullify); *United States v. Adams*, 343 F.3d 1024, 1027 n. 1 (9th Cir.2003) (implicitly reading *Marcucci* as foreclosing the argument that the grand jury instructions were invalid because they prohibited consideration of the validity of Congress' laws or the potential punishment); and *United States v. Cedano–Arellano*, 332 F.3d 568, 573 (9th Cir. 2003) (same).

AFFIRMED.