**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10390 |
| Plaintiff - Appellant, | D.C. No. 3:12-cr-00803-CRB-1 |
| v. | |
| CARLOS MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted July 10, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

The United States appeals the district court's order granting Carlos

Martinez's motion to suppress statements he made during a police interrogation.

The district court ruled there was "no constitutional justification for the conduct of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

the officers" throughout the interrogation. The Government timely appealed. It argues that because Martinez was not in custody during the initial one minute and forty-six seconds of the interrogation, that portion of the interview should not have been suppressed. We have jurisdiction under 28 U.S.C. § 1291. We agree with the Government and reverse the district court's order.[1]

The Government argues for the first time on appeal that the district court should have introduced the first one minute and forty-six seconds of the interview. Limiting the inquiry to Martinez's initial statements alters our analysis considerably. We requested supplemental briefing addressing whether the Government waived the argument that Martinez's initial statements are admissible. In response, Martinez took the position that the Government did not waive this argument. Therefore, pursuant to this court's waiver of waiver doctrine, we reach the merits of the Government's newly fashioned theory. *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2009).

A district court's decision on a motion to suppress evidence is reviewed de novo. *United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009). We also review de novo a district court's custody determination for *Miranda* purposes. *Id.*

---

[1] Because the parties are familiar with the facts, for the most part we do not recount them here.

2

In-custody determinations are based on the totality of the circumstances. *Id.* (quoting *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001)). Relevant factors include: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Id.* (quoting *Hayden*, 260 F.3d at 1066) (internal quotation marks omitted).

We are mindful that the officers used a ruse to convince Martinez to come to the interview, but "[p]loys to mislead a suspect or lull him into a false sense of security that do not rise to the level of compulsion or coercion to speak are not within *Miranda*'s concerns." *Illinois v. Perkins*, 496 U.S. 292, 297 (1990).

The officers did not confront Martinez with evidence of guilt during the initial statements. This weighs against the conclusion that Martinez was in custody. The questioning officer did not "adopt[] an aggressive, coercive, and deceptive tone," as in cases in which this court has found interrogations to be custodial. *United States v. Bassignani*, 575 F.3d 879, 884 (9th Cir. 2009).

The physical surroundings of this interrogation weigh in favor of custody. Martinez saw "at least five police cars" outside the home as he approached, the questioning took place in confined quarters—a police van—and armed and

3

uniformed officers remained in the van during Martinez's initial statements. Thus, "the questioning occurred in a police-dominated atmosphere where [Martinez] was effectively isolated." *See United States v. Beraun-Panez*, 812 F.2d 578, 579, 582 (9th Cir. 1987) (finding an interrogation custodial where two officers questioned an individual by himself, "well away from the public view").

We are most persuaded by the fact that Martinez made the statements the Government seeks to introduce in the first one minute and forty-six seconds of the interrogation. *See Brobst*, 558 F.3d at 996 (indicating that questioning of "two minutes or so" weighs against custody); *United States v. Gregory*, 891 F.2d 732, 735 (9th Cir. 1989) (interrogation deemed non-custodial, in part because it "lasted only a few minutes"). This is a far cry from cases involving extended questioning, where the sheer length of the questioning may result in undue fatigue and thus coercion. *Cf. United States v. Kim*, 292 F.3d 969, 977 (9th Cir. 2002) (finding a "full-fledged interrogation" where suspect was questioned for at least 50 minutes and detained even longer).

The degree of pressure applied to detain Martinez does not significantly weigh in favor of concluding the interview was custodial. The tone and tenor of the initial questioning was not intense, but police dominated the physical

4

environment inside and outside the van and the officers did not inform Martinez that he was free to leave.

This presents a close case, made all the more difficult because the district court did not have an opportunity to make findings on the question presented by this appeal. Under the totality of the circumstances, we are persuaded that a reasonable person would not have believed he was not free to leave the interrogation in the first one minute and forty-six seconds. Martinez was not in custody when he made his initial statements, and that portion of the interview should not have been suppressed.

**REVERSED** and **REMANDED** for further proceedings consistent with this decision.

*United States v. Martinez*, No. 13-10390

PIERSOL, Senior District Judge, dissenting:

I respectfully dissent. Under the totality of the circumstances, even reducing the analysis to the newly considered one minute and forty-six second time period, I conclude that from the totality of the circumstances, a reasonable person would have believed that he was not free to leave the interrogation from its outset. No one factor is controlling, but the overriding police presence inside and outside of the police van used for interrogation and parked at the house weighs heavily in evaluating the totality of the circumstances in this case.

In *United States v. Craighead,* 539 F.3d 1073, 1082 (9th Cir. 2008), this Court considered, among other things, four factors in determining that law enforcement dominated the scene at defendant's house to the extent that the defendant was in custody and that his statements should be suppressed: "(1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview and the context in which any such statements were made." *Id.* at 1084. *See also United States v. Brobst,* 558 F.3d 982 (9th Cir. 2009) (domination of scene by law enforcement officers weighed in favor of custody finding in a two minute interrogation at his

house). Here, the location of Martinez's interrogation was taken over by police. From the outset there were at least five police cars and a police van at the house where Martinez was living with his girlfriend. There were six armed officers and two in plain clothes at the scene when Martinez arrived. No one told Martinez he was free to leave. The sliding door on the police interrogation van was closed and an officer blocked the other door in the confined quarters of the van. The video shows that the three men and the furniture filled up the room in the van. No one was present at the house or in the van other than Martinez and the eight police officers so Martinez was isolated. It is agreed that the questioning itself was police dominated and directed but was not confrontational. Accordingly, three of the four factors set forth in *United States v. Craighead* indicate custody. One of those three factors weighs especially heavily, the overwhelming police presence at defendant's residence from the time he arrived. As a result, under the totality of the circumstances, a reasonable person would not have concluded he was free to leave the van, and I would affirm the district court's suppression of Martinez's statements.