UNITED STATES of America, Appellee,

v.

Norfleet Lee CARTER, Appellant.

No. 75–1959.

United States Court of Appeals,
Fourth Circuit.

Argued July 13, 1976.

Decided Sept. 2, 1976.

William V. DePaulo, Washington, D. C. [court-appointed counsel], for appellant.

Justin Williams, Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Norfolk, Va. and John F. Kane, Asst. U. S. Atty., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

CRAVEN, Circuit Judge.

In this appeal from a judgment of guilty of bank robbery, Carter assigns only one error: that he was entitled to have the district court instruct the jury that they could find him guilty of a lesser included offense. We agree that the failure to so instruct was error, and reverse and remand.

Government witness Karen Petrocelli, a teller at the Hamilton Bank and Trust Company in Reston, Virginia, testified that on January 31, 1975, Carter entered the bank and demanded money. She testified that he had his hand in his pocket and that he stated he had a gun. The government also introduced a statement given by Carter to the police in which he acknowledged entering the bank and asking for money, but denied having a gun or saying to the teller that he had one.

Taking the stand in his own behalf, Carter said that his conversation with the teller was amicable, and added that he had spoken with her on prior occasions; that on the day of the robbery they had talked about her doctor's appointment. At the end of the conversation, according to Carter, he simply said, "Why don't you give me all your money. I'll be satisfied with that." Carter testified that the teller then handed him a large quantity of money, and he left with it.

Carter was indicted for armed robbery of a bank in violation of 18 U.S.C. § 2113(a)

and (d).[1] After plea negotiations, the government agreed to permit Carter to plead guilty to bank larceny, a lesser included offense, 18 U.S.C. § 2113(b).[2] The court refused to accept the plea, however, when Carter refused to admit guilt. The next morning, Carter again requested to plead guilty to bank larceny, but his request was again rejected when he refused to acknowledge his guilt.

At trial, the district judge granted a defense motion for acquittal with respect to placing life in jeopardy in violation of 18 U.S.C. § 2113(d). The case went to the jury on the lesser offense of bank robbery, 18 U.S.C. § 2113(a), which carries a maximum sentence of 20 years and/or a $5,000 fine. The judge denied a defense request for an instruction on the lesser included offense of bank larceny, 18 U.S.C. § 2113(b), which carries a maximum penalty of 10 years and/or $5,000. The jury returned a guilty verdict, and Carter was sentenced to 20 years imprisonment.

Rule 31(c) of the Federal Rules of Criminal Procedure provides:

> (c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

In *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the Court stated that:

> [I]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it . . . [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.
>
> . . . [A] lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense.

380 U.S. at 349–50, 85 S.Ct. at 1009 (citations omitted).

■ Bank robbery[3] and bank larceny[4] are very similar crimes. Larceny, in fact, is generally regarded as a necessarily included offense in the crime of robbery. *E. g., Walker v. United States,* 135 U.S.App.D.C. 280, 418 F.2d 1116, 1120 (1969); 8A Moore's Federal Practice ¶ 31.03[2] ("It is impossible to commit robbery without having first committed larceny."); 2 Wright, *Federal Practice and Procedure* § 515 ("Robbery necessarily includes larceny . . . .").

■ The two crimes are most strikingly differentiated by the element of "force and violence, or . . . intimidation"[5] which is required for conviction of bank robbery, but not for bank larceny. Whether or not force, violence or intimidation were used by a defendant is a matter of fact to be resolved, if in dispute, by the jury. The evidence concerning Carter's use of force and violence was conflicting and was for the trier of fact. The teller testi-

---

1.  (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

    .    .    .    .    .

Shall be fined not more than $5,000 or imprisoned not more than *twenty years,* or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both

(emphasis added).

2.  (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than *ten years,* or both;

    .    .    .    .    .

(emphasis added).

3.  *See* footnote 1, *supra.*

4.  *See* footnote 2, *supra.*

5.  *See* footnote 1, *supra.*

fied that Carter stated that he *did* have a gun, that she was intimidated, that he did, in short, use force in robbing the bank. Carter, on the other hand, consistently denied the use of force and insists that if the jury believed him they could reasonably infer that he was joking when he asked for the money. He insists that the jury should have been left free to view his demeanor, language and conduct as insufficient to intimidate the bank teller.

"[W]here, as here, there is proof to support a lesser offense necessarily included in the offense charged, and the defendant timely requests that such lesser offense be submitted to the jury, the failure to do so withdraws from the jury a measure of defense to which the defendant is entitled and constitutes reversible error." *Larson v. United States,* 296 F.2d 80, 81 (10th Cir. 1961). *See also Golden v. United States,* 318 F.2d 356, 363 (1st Cir. 1963).

Here the jury could have believed that Carter took the money without force, violence, or intimidation, *i. e.,* that he committed bank larceny. Failure to so instruct the jury was error.

On remand, if Carter again tenders a plea of guilty to bank larceny, the district court should reconsider its prior refusal of the plea. Because error was not assigned, and the point was not briefed, we do not base decision upon it; but the colloquy in open court strongly suggests the district judge erroneously thought admission of guilt a requisite to permission to plead guilty. As Professor Wright says:

> It should be enough that there is a factual basis for the plea, and not necessarily that the defendant is guilty. If there is a factual basis from which a jury might find a person guilty of a serious offense, he should be permitted to plead guilty to a lesser offense, in an appropriate case, even though he denies committing any offense.

1 Wright, *Federal Practice and Procedure* § 174 at 377. *See also North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. Davis,* 516 F.2d 574 (7th Cir. 1975); *United States v. Jerry,*

487 F.2d 600 (3d Cir. 1973); *Quillien v. Leeke,* 303 F.Supp. 698 (D.S.C.1969).

*REVERSED AND REMANDED.*