UNITED STATES of America, Plaintiff–Appellee,

v.

John H. BRITTAIN, Defendant–Appellant.

No. 93–1446.

United States Court of Appeals, Tenth Circuit.

Dec. 6, 1994.

---

**1410**

Michael G. Katz, Federal Public Defender, Warren R. Williamson, Asst. Federal Public Defender, Denver, CO, and Caroline E. Durham for defendant-appellant.

Henry L. Solano, U.S. Atty., Thomas M. O'Rourke, Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

Before BALDOCK and EBEL, Circuit Judges, and BROWN, District Judge.*

WESLEY E. BROWN, Senior District Judge.

The issue in this appeal is whether bank larceny, 18 U.S.C. § 2113(b), is a lesser included offense of bank robbery, 18 U.S.C. § 2113(a).[1] The district court determined that it was not a lesser included offense and refused the defendant's request for such an instruction. The jury found the defendant guilty on a charge of bank robbery under § 2113(a). We conclude that Tenth Circuit precedent considers bank larceny to be a lesser included offense of bank robbery. We therefore vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.

**I.**

On September 28, 1992, the defendant John H. Brittain walked into the Colorado National Bank in Longmont, Colorado, and entered a line of customers waiting for tellers. Jamie Marie Helgeland was working as a teller in the bank. When Helgeland had no customers in her line, she motioned to Brittain to move to her station. The defendant walked up to Helgeland and presented a hand-written note which stated:

> Don't give any kind of alarm.
>
> Put all of the $100. $50. & $20. in front of you.
>
> Give them to me all at one time.
>
> I have someone watching.

Govt.Exh. 1. Helgeland took $1,170.00 out of the teller drawer and gave it to the defendant, who walked out of the bank with the money. The deposits of the bank were insured by the Federal Deposit Insurance Corporation.

Helgeland acted calmly during this episode but was afraid and concerned for her safety. When she read the words "I have someone watching" she felt "that maybe somebody would have come barging in there with a gun maybe, or I don't know, put myself in danger." Tr. Vol. 3 at 9. Ms. Helgeland's testimony indicated that the bank's policy in this type of situation was for the teller to do exactly what the person said to do. *Id.* at 12. After the defendant walked away from the

---

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

1. The parties have waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted on the briefs.

teller station but before he left the bank, Helgeland pushed a silent alarm button. She cashed checks for the next customer in her line but did so hurriedly and with her hands trembling. She then informed another bank employee what had happened. The employee took Helgeland to a back room where she was interviewed about the incident. Helgeland was visibly upset during the interview.

On May 26, 1993, Trooper Robert Gemmel of the Nevada Highway Patrol found the defendant in the back of a U–Haul truck at a rest stop along a highway in Nevada. The defendant was apparently attempting to take his own life. The engine of the truck was running and a hose ran from the exhaust pipe to the enclosed back portion of the truck where the defendant was found by the trooper. Trooper Gemmel disconnected the hose and had the defendant come out of the back compartment of the truck. The defendant subsequently stated to Gemmel that he was wanted for robbery in Longmont, Colorado. The defendant explained that he had entered a bank in Longmont, passed a note to a teller and then walked out with the money.

## II.

Section 2113 of title 18 of the United States Code is entitled "Bank robbery and incidental crimes." The defendant was indicted on one count of bank robbery under § 2113(a), which provides in part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, ... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank ...

> Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

At his trial the defendant requested that the jury be given a lesser included offense instruction based on subsection (b) of § 2113. That subsection, commonly referred to as the "bank larceny" provision, states in part:

> Whoever takes and carries away, with intent to steal or purloin, any property or money or other thing of value exceeding

$100 belonging to, or in the care, custody, control, management, or possession of any bank, ... shall be fined not more than $5,000 or imprisoned not more than ten years, or both; ...

18 U.S.C. § 2113(b). Counsel for the defense argued that there was some ambiguity in the evidence concerning whether the taking was "by intimidation." He asked that the jury be allowed to consider whether the defendant had committed bank larceny, which does not require proof of intimidation.

Rule 31(c) of the Federal Rules of Criminal Procedure states that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged. . . ." The Supreme Court interpreted this rule in *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), and adopted the so-called "elements test" for identifying lesser included offenses. Under this test, one offense is not "necessarily included" in another "unless the elements of the lesser offense are a subset of the elements of the offense charged." *Id.*, 489 U.S. at 716, 109 S.Ct. at 1450. "Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.*

The elements test does not depend upon inferences arising from the evidence nor does it inquire into similarities in the interests furthered by the statutes. *Id.* at 720, 109 S.Ct. at 1452–53. Instead, it involves a textual comparison of the criminal statutes. *Id.* By contrast the "inherent relationship test," an approach previously used by some circuits and which was rejected by the Supreme Court in *Schmuck*, inquired whether the offenses related to protection of the same interests and whether they were so related "that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Id.* The elements test, the Supreme Court observed, is consistent with the history and wording of Rule 31(c) as well as the constitutional requirement that the defendant be given notice of the charge against him, and it has the added benefit of being certain and predicta-

ble in its application. *Id.* at 716–21, 109 S.Ct. at 1450–53.

■ After examining the statutes at issue here, the district court applied the elements test and determined that bank larceny is not a lesser included offense because it contains an element that bank robbery does not: the intent to steal or purloin.[2] The court recognized that Tenth Circuit cases had previously characterized bank larceny as a lesser included offense, but observed that it was unclear if those decisions had applied the elements test announced in *Schmuck.* Furthermore, the court noted, none of the Tenth Circuit cases had addressed the specific question of whether intent to steal was an element of bank robbery. The district court relied upon *United States v. Gregory,* 891 F.2d 732 (9th Cir.1989), in which the Ninth Circuit distinguished its prior rulings and concluded that the elements test required it to find that bank larceny was not a lesser included offense of bank robbery.

### III.

In *United States v. Slater,* 692 F.2d 107 (10th Cir.1982), we reversed a defendant's conviction for bank robbery under 18 U.S.C. § 2113(a) because of the trial court's failure. to give a lesser included instruction on bank larceny, 18 U.S.C. § 2113(b). In support of this holding we stated: "The crime of bank

robbery contains all the elements of bank larceny." *Id.* at 109 (*citing United States v. Carter,* 540 F.2d 753 (4th Cir.1976) and *Larson v. United States,* 296 F.2d 80 (10th Cir. 1961)). We subsequently cited *Slater* in a post-*Schmuck* decision, *United States v. Smith,* 10 F.3d 724 (10th Cir.1993), and in the course of rejecting a defendant's claim for ineffective assistance of counsel we reiterated *Slater's* conclusion that bank larceny is a lesser included offense of bank robbery.[3] *Cf. United States v. Combs,* 634 F.2d 1295, 1297 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981) ("18 U.S.C. § 2113(a) and (b) are lesser and greater forms of the same offense and hence may not be the basis of cumulative punishment.")

We note at the outset that *Slater's* statement regarding the elements of bank larceny and bank robbery raises some troubling questions. Several issues relevant to the lesser included inquiry were apparently not raised (and were therefore not addressed) in *Slater.* Three concerns in particular seem relevant in light of *Slater's* cryptic reference to the elements of these offenses. We outline these concerns below.

*A. Plain Language of the Statute.* First and foremost, the language of § 2113 calls into question *Slater's* conclusion that bank robbery contains all the elements of bank

2. Aside from the elements test, a separate prerequisite must also be satisfied before a lesser included instruction can be said to be required under Rule 31(c): the evidence at trial must be such that "a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." *See Schmuck,* 489 U.S. at 716 n. 8, 109 S.Ct. at 1451 n. 8.

The district court below found that the evidence concerning intimidation was such that a rational jury could find the defendant guilty of bank larceny but not guilty of bank robbery. The government conceded that this ruling was correct, Tr.Supp. I at 23, and it has not been raised as an issue on appeal. *Cf. United States v. Lajoie,* 942 F.2d 699, 701 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 328, 116 L.Ed.2d 268 (1991) (Undisputed evidence that the taking occurred through intimidation precluded the giving of a lesser included instruction for bank larceny.)

3. The defendant in *Smith* was convicted of bank robbery. His attorney stipulated during the trial that the defendant had robbed the bank but

claimed that the defendant acted under duress because of threats he had received. On appeal, the defendant argued that his lawyer had been ineffective, in part because of his failure to request a lesser included instruction on bank larceny. The lawyer filed an affidavit stating that he had overlooked the availability of this possible defense. Despite the attorney's admission we found that his performance had not fallen below an objective standard of reasonableness. We reasoned that even if counsel "had in fact been aware of the availability of the lesser included offense," it would have been reasonable for him to avoid it and to focus instead on the defendant's duress defense, especially in light of strong evidence at trial that the taking of money had been achieved through intimidation. In the course of reaching this conclusion we noted: "Bank robbery includes all the elements of bank larceny, *see* 18 U.S.C. § 2113; *United States v. Slater,* 692 F.2d 107, 109 (10th Cir.1982), with the difference being that bank larceny does not require the use of force, violence, or intimidation." *Smith,* 10 F.3d at 729.

larceny. Section 2113(b), the bank larceny provision, clearly requires a taking "with intent to steal or purloin." One must infer from *Slater*'s holding that intent to steal or purloin is also an element of bank robbery. But the bank robbery provision, § 2113(a), contains no such language. A straightforward comparison of the statutory elements of the offenses, then, would seem to require a finding that bank larceny is not a lesser included offense of bank robbery.[4]

B. *History of § 2113.* Although § 2113's somewhat tortured past could provide a basis for developing arguments either way, there is nothing in the legislative history to specifically indicate that Congress intended § 2113(a) to contain an "intent to steal" element identical to § 2113(b).

The statute originated with the Bank Robbery Act of 1934, 12 U.S.C. § 588a. It was prompted by concern over the inability of local authorities to cope with the interstate operations of gangsters. *See Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). When the bill was initially proposed it contained both a robbery and a larceny provision, but the larceny provision was taken out by the House Judiciary Committee. *Id.* The robbery provision was enacted in 1934. A larceny provision was added to the statute in 1937, together with a provision dealing with attempts to commit such crimes. The larceny section was apparently added in response to the case of a man who walked into a bank and, in the momentary absence of a bank employee, helped himself to $11,000. *See Bell v. United States,* 462 U.S. 356, 365 n. 4, 103 S.Ct. 2398, 2404 n. 4, 76 L.Ed.2d 638 (1983) (Stevens, J., dissenting).

In light of the fact that robbery and larceny were offenses at common law, it might be argued that Congress intended to incorporate into § 2113 the intent element required for the offenses at common law. According to some commentators, common law robbery and larceny each required a showing of *animus furandi,* or "the intent to steal." *See* LaFave & Scott, *Criminal Law* § 8.11 (2nd Ed.1986). Even if *animus furandi* was considered an element of robbery at common law, however, there is no specific indication that Congress intended to incorporate it into § 2113(a). *Cf. Bell, supra,* (Section 2113(b) is not limited to the common law definition of larceny). Moreover, it is difficult to see how such an element could be considered the same as the intent element contained in § 2113(b) in light of the Supreme Court's statement in *Bell v. United States, supra,* that the phrase "with intent to steal or purloin" in subsection (b) "has no established meaning at common law." *Id.* at 360, 103 S.Ct. at 2401. *Cf. United States v. Turley,* 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957) (At common law larceny was "the felonious taking and carrying away of the personal goods of another.")

The argument for an implied "intent to steal" element in the bank robbery provision would have been stronger under the language of the statute as originally enacted. Section 588a applied to one who "feloniously" took property or money by force and violence or by putting in fear.[5] The word "feloniously" could have been interpreted as requiring an intent to steal; courts have often construed the phrase "felonious taking" in robbery statutes in such a fashion. *See e.g., State v. Olin,* 111 Idaho 516, 725 P.2d 801, 802–06 (App.1986) (citing cases), *modified by* 112 Idaho 673, 735 P.2d 984 (1987). *See also Black's Law Dictionary* at 744 (4th Ed.) ("Felonious," in the context of larceny, means "done 'animo furandi,' that is, with intent to steal."). We note that § 588a as originally enacted was similar to many robbery statutes

---

4. Although neither party has raised the issue, we also note that § 2113(b) requires a showing of a taking and carrying away of money or property. ("Whoever takes and carries away....."). Section 2113(a) does not contain the "carries away" language.

5. Section 588a provided in pertinent part:
Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
*See Jerome,* 318 U.S. at 103 n. 3, 63 S.Ct. at 485 n. 3.

**1414**

that have been found to require an element of intent to steal. *See* LaFave & Scott, *Criminal Law* § 8.11 at 776 n. 6: "American statutes do not generally spell out the eight elements; they define the crime of robbery in different ways, often in the somewhat undetailed language used by Blackstone, Hawkins, Hale and East in defining common-law robbery, e.g., 'the felonious and violent taking of goods or money from the person of another by force or intimidation.'"

When the criminal code was revised in 1948, however, the word "feloniously" was deleted from the first paragraph of § 2113(a). The Revisor's Notes to § 2113 indicate that this was considered only a "change in phraseology." *See also Prince v. United States,* 352 U.S. 322, 326 n. 5, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) (The legislative history indicates that no substantial change was made in this revision.) Although it is not entirely clear, it seems likely that the deletion of "feloniously" was simply a result of Congress' effort to remove references to felonies and misdemeanors from the code; such terms were considered redundant in light of a specific definition of those terms provided in 18 U.S.C. § 1. *See United States v. Richardson,* 687 F.2d 952, 957 (7th Cir.1982).

Regardless of the subtle inferences one might draw from the history of § 2113, the fact is that the plain language of the statute provides no basis for implying that intent to steal is an element of bank robbery under § 2113(a). Clearly, when Congress intended to require the presence of a specific mental state for the commission of an offense under § 2113, it knew how to do so in so many words. *See* § 2113(a) (Prohibiting entry into a bank "with intent to commit . . . any felony . . . or any larceny. . . ."); § 2113(b) (Prohibiting the taking and carrying away "with intent to steal or purloin. . . ."); § 2113(c) (Prohibiting receiving stolen property "knowing the same to be property which has been stolen. . . .").

*C. United States v. Lewis.* In addition to the language and history of the statute, we are also concerned whether *Slater* is compatible with our holding in *United States v. Lewis,* 628 F.2d 1276, 1279 (10th Cir.1980), *cert. denied,* 450 U.S. 924, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981).[6] The defendant in *Lewis* was convicted of bank robbery under 18 U.S.C. § 2113(a). He maintained at trial and on appeal that he had committed the robbery for the purpose of getting sent back to prison. *Id.* at 1277. He argued that he had no intent to steal money from the bank and that, at most, he intended only to deprive the bank of funds for a very short time until he turned himself in. There was some evidence to support his contention; he had told a police officer of his plans to rob the bank two days before the robbery and he was captured after the robbery in the foyer of the bank. *Id.* at 1277–78. On appeal, we first concluded that the evidence was sufficient to support a finding that the defendant actually intended to escape and spend the money. We went on to add:

Assuming, however, that Lewis did intend to turn himself in after the robbery, did he still have the intent required by the statute? The second paragraph of section 2113(a) requires specific intent to commit a felony in a bank, here bank robbery. Felonious intent is not specifically incorporated into the offense of bank robbery under the first paragraph of section 2113(a), but we agree with *United States v. De Leo,* 422 F.2d 487, 491 (1st Cir.), [cite omitted] that the offense is so "unambiguously dangerous to others that the requisite mental intent is necessarily implicit in that description."

We believe that an individual who enters into a bank with the intention of taking money by intimidating employees of the bank, is answerable for the consequences of his actions, if he is mentally competent, even assuming his motive for committing the act was to be caught and returned to prison. The fact that the bank was to be

6. We note that *Slater* appears to be consistent with *United States v. Combs,* 634 F.2d 1295 (10th Cir.1980). In *Combs* a majority of the panel concluded that under the facts of the case bank robbery and bank larceny were the "same of-

fense" for purposes of double jeopardy. The majority seemed to reject the district court's ruling in that case that bank larceny contained a specific intent element not present in bank robbery. *Id.* at 1294–95.

deprived of the funds only temporarily does not change the result.

*Lewis,* 628 F.2d at 1279.

The case upon which *Lewis* relied, *United States v. DeLeo,* 422 F.2d 487 (1st Cir.), *cert. denied,* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970), seems to state that intent to steal is not a necessary element of bank robbery. The *DeLeo* case dealt with a challenge to the sufficiency of an indictment for bank robbery. The indictment failed to allege that the defendant acted with felonious intent. In addressing this claim the *DeLeo* court found the absence of an express intent requirement in § 2113(a) to be significant, noting that "intent to steal or purloin" was expressly required in subsection (b). The reason for the difference, the court explained, was that a "taking" could be an innocent act and felonious intent was therefore required; a taking through force or intimidation, however, was "so unambiguously dangerous that the requisite mental element is necessarily implicit in the description." *Id.* at 491. The difference in the statute, *DeLeo* suggested, was the product of "careful draftsmanship" on the part of Congress. *Id.* at 490. Thus, the lack of an allegation of felonious intent was irrelevant as far as the offense of bank robbery was concerned: "It is therefore immaterial for sections 2113(a) and (d) whether the subjective intent of a bank robber is to steal that to which he has no claim or to recover his own deposit; the crime is his resort to force and violence, or intimidation, in the presence of another person to accomplish his purposes." *Id.* at 491. *Cf. Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) ("To steal means to take away from one in lawful possession without right with the intention to keep wrongfully.")

At the very least, this seeming contradiction between *Slater* and *Lewis* is likely to cause confusion concerning the elements of bank robbery under § 2113(a) and how larceny can be considered a lesser included offense of that crime.[7]

## IV.

Notwithstanding the concerns we have about *United States v. Slater,* 692 F.2d 107 (10th Cir.1982), we conclude that we are bound by *Slater*'s holding that bank larceny is a lesser included offense of bank robbery. *See United States v. Spedalieri,* 910 F.2d 707, 709 n. 3 (10th Cir.1990) (A three-judge panel is bound to adhere to and cannot overrule circuit precedent.) The appellee argues that *Slater* is not controlling because it was based on the "inherent relationship" test rejected by the Supreme Court in *Schmuck.* Appellee points out that prior to *Schmuck* this court frequently applied the "inherent relationship" test for lesser included offenses. *See United States v. Pino,* 606 F.2d 908, 916 (10th Cir.1979). *See also United States v. Horn,* 946 F.2d 738, 744 (10th Cir.1991) (listing cases).

■ We recognize that in some circumstances an intervening Supreme Court decision may allow a panel of this court to determine that a previous circuit court decision is no longer binding. *See United States v. Killion,* 7 F.3d 927, 930 (10th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1106, 127 L.Ed.2d 418 (1994) (panels are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court.) Given *Sla-*

7. *See Modern Fed. Jury Instructions* ¶ 53.01 at 53–22 (Matthew Bender 1994): "In both *United States v. Slater,* and *United States v. Carter,* it was held that section 2113(b) is a lesser included offense of section 2113(a). These decisions are supported by the Supreme Court's decision in *United States v. Gaddis,* [424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976)], which indicates that subsections (a), (b), and (d) of section 2113 are all gradations of bank robbery.

It should be noted, however, that in circuits in which specific intent is not an element of section 2113(a), section 2113(b) is not technically a lesser included offense of section 2113(a). This is because each offense would have an element that the other lacked: section 2113(a) would require a finding that the defendant accomplished the taking either by using force or violence or by acting in an intimidating manner while section 2113(b) would require a finding that the defendant acted with an intent to steal while section 2113(a) would not. Nevertheless, the Tenth Circuit, which decided *Slater, is* a circuit which has held that specific intent is not an element of section 2113(a), [citing *Lewis* ] so it appears that a section 2113(b) lesser included offense instruction, if requested, is available in such circuits."

*ter*'s direct language indicating that its conclusion was based on *the elements of the offenses*, however, we are unable to find that the decision is invalid by reason of *Schmuck*'s subsequent adoption of the elements test. Although appellee argues that *Slater* employed an improper test, we see nothing in the court's opinion to indicate that was the case. The *Slater* opinion referred only to the elements of the offenses; the court said nothing about the interests furthered by the statutes or the fact that proof of larceny is generally presented as part of a showing of bank robbery. It thus appears that the court purported to apply the proper test. This view is further supported by the fact that *Slater* cited *Larson v. United States*, 296 F.2d 80 (10th Cir.1961) to support its statement concerning the elements of the offenses. Although *Larson* was not a bank robbery case, the decision is significant because it clearly applied the "impossibility test" for identifying lesser included offenses. *Id.* at 81 ("[T]he lesser offense must be such that it is impossible to commit the greater without first having committed the lesser.") That test is consistent with the elements test adopted by the Supreme Court. *See Schmuck*, 489 U.S. at 719, 109 S.Ct. at 1452. In sum, we find that *Slater* is controlling and, in light of that decision, we must conclude that the district court committed reversible error by refusing to instruct on the lesser included offense.

### V.

Tenth Circuit precedent holds that bank larceny is a lesser included offense of bank robbery. We therefore VACATE the judgment and REMAND the case for further proceedings consistent with this opinion.

EBEL, Circuit Judge, concurring.

I am pleased to concur in the result reached in this case. The opinion for the court quite correctly concluded that the Tenth Circuit precedent requires us to conclude that bank larceny is a lesser included offense of bank robbery. However, I write separately to concur in the result rather than in the opinion because I do not agree with the criticism leveled against *United States v.*

*Slater*, 692 F.2d 107 (10th Cir.1982). In my opinion, bank larceny, 18 U.S.C. § 2113(b) is clearly a lesser included offense of bank robbery, 18 U.S.C. § 2113(a) and *United States v. Slater* was correct in that regard.

BALDOCK, Circuit Judge, dissenting.

I respectfully dissent. This court concludes bank larceny is a lesser included offense of bank robbery relying on *United States v. Slater*, 692 F.2d 107, 109 (10th Cir.1982). In so holding, the court concludes it must follow *Slater* despite the Supreme Court's intervening decision in *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Because I conclude *Slater* does not conduct the proper analysis required by *Schmuck*, I dissent.

In *Slater*, we summarily concluded bank larceny is a lesser included offense of bank robbery noting that "the crime of bank robbery contains all the elements of bank larceny." *Slater*, 692 F.2d at 109. Subsequent to our decision in *Slater*, the Supreme Court decided *Schmuck* and adopted the "elements test" for determining whether an offense is a lesser included offense. Under this test, a court must engage in a textual comparison of the criminal statutes at issue, *Schmuck*, 489 U.S. at 720, 109 S.Ct. at 1452–53, and determine whether "the elements of the lesser offense are a subset of the elements of the offense charged." *Id.* at 716, 109 S.Ct. at 1450. "Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.*

In the instant case, this court concludes *Slater* "purported to apply" the elements test as dictated by *Schmuck* because it "referred only to the elements of the offenses." I disagree. "[T]he elements approach involves a textual comparison of criminal statutes," *id.* at 720, 109 S.Ct. at 1453, and there is no indication the *Slater* court engaged in a textual comparison of the elements of the offenses. Rather, the court summarily concluded that "the crime of bank robbery contains all the elements of bank larceny." *Slater*, 692 F.2d at 109. This analysis is insufficient under *Schmuck*.

I believe the analysis required by *Schmuck* is properly set forth in *United States v. Gregory,* 891 F.2d 732 (9th Cir.1989). In *Gregory,* the Ninth Circuit applied *Schmuck* and engaged in a textual comparison of the federal bank robbery and bank larceny statutes and concluded bank larceny was not a lesser included offense of bank robbery. *Id.* at 734. I would follow the analysis set forth in *Gregory* and affirm the district court.