UNITED STATES of America,

v.

Sylvester MOSLEY, Appellant.

No. 96–5832.

United States Court of Appeals,
Third Circuit.

Argued Aug. 11, 1997.

Decided Sept. 18, 1997.

---

Faith S. Hochberg, United States Attorney, Kevin McNulty, Elizabeth S. Ferguson, Mark Costello, (argued), Office of the United States Attorney, Newark, NJ, for Appellee.

Donald J. McCauley, (argued), Office of Federal Public Defender, Newark, NJ, for Appellant.

BEFORE STAPLETON, GREENBERG, and COWEN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. INTRODUCTION

Appellant Sylvester Mosley appeals from a judgment of conviction and sentence entered in the district court on two counts of bank robbery. Mosley argues that the district court erred in failing to instruct the jury that it could convict him of bank larceny as a lesser included offense of bank robbery.[1] This case raises an issue we have not addressed: whether bank larceny, 18 U.S.C. § 2113(b), is a lesser included offense of bank robbery, 18 U.S.C. § 2113(a). Contrary to the weight of authority, we find that bank larceny is not a lesser included offense of bank robbery. Thus, we will affirm.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the judgment of the district court pursuant to 28 U.S.C. § 1291. We exercise plenary review over the legal question raised on this appeal. *United States v. Adams*, 759 F.2d 1099, 1116 (3d Cir.1985).

---

1. We also have considered Mosley's claims that the district court abused its discretion in admitting evidence of his prior conviction for bank robbery pursuant to Fed.R.Evid. 404(b) and 403, and that the district court erred in failing to grant him a judgment of acquittal on count two of the indictment pursuant to Fed.R.Crim.P. 29. After careful consideration, we find that neither of these claims justifies reversal so we reject these arguments without further discussion.

## II.  FACTUAL AND PROCEDURAL HISTORY

Count one of the indictment charged Mosley with knowingly and willfully, by force and violence or intimidation, taking approximately $9,344.81 from a teller at the First Fidelity Bank at 233 Fifth Avenue in Paterson, New Jersey, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. Count two charged him with knowingly and willfully, by force and violence or intimidation, taking approximately $2,547 from a teller at the First Fidelity Bank at 1008 Madison Avenue in Paterson, New Jersey, also in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. After a two-day trial, the jury found Mosley guilty on both counts.  The district court subsequently sentenced Mosley to concurrent 210–month terms of imprisonment on each count and it imposed concurrent three-year terms of supervised release to follow the custodial terms.

There was no real factual dispute at trial as Mosley conceded in his opening statement to the jury that he entered both banks and took money from them.  Rather, his defense was that his conduct did not satisfy the requisite elements of bank robbery in violation of 18 U.S.C. § 2113(a).  Nevertheless, we briefly describe the robberies.

### 1.  Count One

A bank teller at First Fidelity Bank on Fifth Avenue testified that she was working at the bank on November 20, 1995, when Mosley approached her window, leaned toward her and said "This is a hold up."  He then said "open your bottom drawer and give me all the big bills, start with the big bills first."  The teller testified that she was nervous, lost bladder control, and threw the money on the counter.  When she asked Mosley if she could go to the bathroom, he replied, "Hurry, hurry, open the drawer and give me the big bills first."  She testified that Mosley "gestured to his coat as if he had something there."  After throwing the money on the counter, the teller ran to the head teller and stated "I just been held up, I just been held up."

On cross-examination, the teller testified that after giving Mosley the money, she locked the drawer and started to walk toward the bathroom.  When the police interviewed her on the day of the incident, she did not indicate that Mosley had a weapon in his possession.

FBI Special Agent Carolyn Zimmer testified that she interviewed the teller shortly after the robbery and prepared a report regarding the robbery.  In that report, Zimmer stated that the teller walked away from her station after the robbery, that Mosley had a "sickly appearance," and that he told the teller that he was "sick."

FBI Special Agent John Conway testified that he arrested Mosley on November 20, 1995, after the robbery charged in count one of the indictment.  He stated that Mosley said to him "We robbed the bank, First Fidelity Bank."  Conway testified that he never asked Mosley what he meant when he said "rob" and that there was nothing in his report of the robbery regarding threats, force or intimidation.  Conway also testified regarding the bank surveillance video tape of the robbery and that it did not reveal evidence of threats, force, intimidation or violence.

Reverend Louis McDowell testified that he was a customer in the bank on November 20, 1995, and was standing directly behind Mosley.  McDowell indicated that he did not see Mosley make any motions toward the teller, nor take any actions that he would characterize as indicative of force or violence.  He testified that after the robbery Mosley walked past him and out of the bank and that the teller walked away from her station.

### 2.  Count Two

A teller at the First Fidelity Bank, 1008 Madison Avenue, testified that she was working in the bank on November 9, 1995, when a man with a sign reading "HOLD UP" approached her station.  She testified that she was scared and nervous and that Mosley placed both of his hands on the counter and asked her for money by saying "Can I have all your money?"  The teller testified further that Mosley used a defensive but demanding tone of voice, but said nothing else to her.  When she gave Mosley "bait money," he

threw it back at her. She then gave Mosley the other money, and Mosley walked away at a fast pace.

On cross-examination, the teller testified that she did not tell either the Paterson police or the FBI agents that she saw Mosley with a weapon, and she told both that Mosley's hands were visible to her throughout the robbery, which lasted approximately five seconds. The teller testified also that Mosley appeared to be homeless, had bags under his eyes, and seemed to be about 60 years old.

Conway testified regarding the surveillance videotape regarding count two of the indictment, as well. He stated that the videotape revealed that Mosley displayed both of his hands on the counter throughout the robbery and that during the three or four seconds of the robbery the videotape did not show Mosley using force, violence or intimidation.

The Paterson police officer who interviewed the teller after the robbery reported that Mosley had not brandished any weapon, and that during the interview, just 16 minutes after the robbery, the teller did not appear to be upset. The teller working at the station adjacent to the teller approached by Mosley testified that she did not see or hear anything alerting her to the robbery while it was occurring.

## III. DISCUSSION

As we have indicated, Mosley acknowledges that he entered the banks and took money as alleged in counts one and two of the indictment. He argues, however, that the court's refusal to charge the jury at his request that it could convict him of bank larceny eliminated his defense that his conduct did not satisfy the required elements of bank robbery.

■ Mosley argues that he was entitled to a charge that the jury could convict him of bank larceny as a lesser included offense because "every defendant is entitled to have his theory of the case, if it could amount to a legally sufficient defense, based upon the evidence presented at trial, fairly submitted to the jury . . . and that a trial court is bound to give the substance of the requested instruction relating to any defense theory for which there is any foundation in the evidence." Br. at 18. Thus, he relies on the general rule that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988). The government, though recognizing that a defendant is entitled to a charge on a lesser included offense if justified by the evidence, urges that bank larceny is not a lesser included offense of bank robbery. It therefore contends that the district court correctly rejected Mosley's request to charge bank larceny.

The district court found that

[t]here simply are no facts in evidence to justify a bank larceny charge.... Clearly, there is no basis to suggest that this money was taken with the compliance of these tellers.... The evidence is clear that the money was in the cash drawers. As a result of his approach to each of the tellers, they were forced, through intimidation, to retrieve the money from the cash drawers and push it at him. There is nothing to suggest that this was a larceny as that term is used in [section] 2113(a)[sic].

App. at 298.

■ Our approach in this case is different from that of the district court, as we decide the case predicated on the law rather than on an absence of proof to justify a larceny instruction to the jury. Fed. R.Crim.P. 31(c) permits a jury to return a verdict of guilty as to an offense "necessarily included in the offense charged." However, this rule applies only where the elements of the lesser offense are a subset of the elements of the greater offense. "Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). This standard involves a textual comparison, looking solely to the elements of the two offenses; inferences arising from the evidence and sim-

ilarities as to the interests served by the statutes are not relevant. *Id.* at 720, 109 S.Ct. at 1452–53.

We begin, then, by looking to the text of section 2113 which provides that:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; .... [s]hall be fined under this title or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or in such savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both....

18 U.S.C. §§ 2113(a) & (b).[2] It is obvious that the definition of bank robbery in subsection (a) does not include an element that the defendant have the "intent to steal or purloin." On the other hand, bank larceny as defined in subsection (b) includes this element. A defendant has the intent to steal or purloin if he intends permanently to deprive the rightful owner of the property. *See United States v. Goldblatt*, 813 F.2d 619, 625 (3d Cir.1987). Thus, we must determine whether the "steal or purloin" provision is included impliedly as an element of bank robbery in subsection (a). If it is not, bank larceny includes an element not included within bank robbery and thus, under *Schmuck*, is not a lesser included offense of bank robbery.

We have held that the subjective intent of a bank robber to steal is irrelevant; "the crime is his resort to force and violence, or intimidation, in the presence of another person to accomplish his purposes." *United States v. Brown*, 547 F.2d 36, 39 (3d Cir. 1976) (citations omitted). Thus, it is "immaterial for section[ ] 2113(a) ... whether the subjective intent of a bank robber is to steal that to which he has no claim or to recover his own deposit." *Id.* In contrast, however, section 2113(b) specifically requires intent to steal or purloin to satisfy the elements of bank larceny. Given this holding in *Brown*, it seems clear that bank larceny cannot be a lesser included offense of bank robbery under the Supreme Court's strictures in *Schmuck*, which indicates that "offenses are statutorily defined." *Schmuck*, 489 U.S. at 716, 109 S.Ct. at 1451.

Nevertheless, while it seems clear to us that bank larceny is not a lesser included offense of bank robbery, there is a conflict among the courts of appeals on this point and, as we pointed out above, the weight of authority is against our position. In these circumstances, we review the cases from the other courts of appeals. We start with *United States v. Gregory*, 891 F.2d 732, 734 (9th Cir.1989), which reached our result that, under *Schmuck*, bank larceny is not a lesser included offense of bank robbery. *Gregory* reached this result because "[b]ank larceny ... contains a specific intent element which need not be proved in the bank robbery context.... [Hence] bank larceny cannot be 'necessarily included' in bank robbery." *Id.* at 734. Thus, we are not alone in our holding on this appeal.

We are particularly impressed by the insightful discussion of the issue in *United States v. Brittain*, 41 F.3d 1409 (10th Cir. 1994). While ultimately holding that bank larceny is a lesser included offense of bank robbery, the court expressed its hesitance to do so.[3] Accordingly, notwithstanding its actu-

---

**2.** The presence of a threshhold "exceeding $1,000" in the quoted paragraph of 18 U.S.C. § 2113(b) does not add an element to the offense of bank larceny not present in bank robbery because the next paragraph of section 2113(b) imposes a less severe sentence in those cases "not exceeding $1,000."

**3.** The *Brittain* court so held because it found itself bound by its previous holdings. Yet it clearly indicated that it might not have reached its holding in the absence of binding precedent. In fact, a fair reading of *Brittain* confirms that a majority of the court believed that bank larceny is not a lesser included offense in a bank robbery case. Judge Brown, who wrote the majority

al holding, we find support in the *Brittain* court's extensive analysis supporting a conclusion contrary to its holding. As the *Brittain* court explained, "[f]irst and foremost, the language of § 2113 calls into question [the] conclusion that bank robbery contains all the elements of bank larceny." *Id.* at 1412–13. The *Brittain* court focused specifically on the "intent to steal or purloin" element that is contained in bank larceny but not bank robbery. The decisions that find bank larceny a lesser included offense must infer that intent to steal or purloin is also an element of bank robbery. Also, while section 2113(b) requires a showing of taking and carrying away of money or property, section 2113(a) does not include the carrying away language.

The *Brittain* court also discussed the history of section 2113 to illustrate its reluctance to hold that bank larceny is a lesser included offense of bank robbery. The court recognized that there is no indication in the legislative history that Congress intended section 2113(a) to contain an "intent to steal" element identical to section 2113(b). *Id.* at 1413. The court explained that Congress initially passed the bank robbery legislation in 1934, and, though both robbery and larceny provisions were proposed, the larceny provision was deleted from the legislation. Congress added a larceny provision three years later in reaction to a case in which a man walked into a bank and, without confronting any bank employees, helped himself to $11,000. *Id.* at 1413 (citing *Bell v. United States,* 462 U.S. 356, 365 n. 4, 103 S.Ct. 2398, 2403 n. 4, 76 L.Ed.2d 638 (1983) (Stevens, J., dissenting)). Thus, the larceny statute seemed designed to address a different factual scenario than the typical bank robbery case.

We recognize that there is another conceivable reading of the development of the

opinion, made it clear that he reached the contrary conclusion only because of circuit precedent. Judge Baldock dissented on the ground that *Schmuck* rejected the reasoning in the circuit precedent. In his view, *Gregory* set forth the correct analysis under *Schmuck. Brittain,* 43 F.3d at 1417 (dissenting opinion). Only Judge Ebel apparently thought that, even using a *Schmuck* analysis, bank larceny was a lesser included offense of bank robbery. *Id.* at 1416 (concurring opinion).

legislation. Inasmuch as both robbery and larceny were offenses at common law, it might be argued that Congress intended to incorporate the intent element of the common law crimes into section 2113. [4] However, there is no indication in the legislative history that Congress so intended. The *Brittain* court suggested that an "intent to steal" element within the bank robbery provision would have been implied more easily from the bank robbery statute as it originally was written, as that version included an element of "feloniously" taking property. The term felonious could have been understood as including an intent requirement. *Brittain,* 41 F.3d at 1413. However, when Congress revised the criminal code in 1948, it deleted the word "feloniously" from section 2113(a). The Revisor's Notes indicate that this was considered only a "change in phraseology." *Brittain* 41 F.3d at 1414 (citing *Prince v. United States,* 352 U.S. 322, 326 n. 5, 77 S.Ct. 403, 406 n. 5, 1 L.Ed.2d 370 (1957)). And though it seems that the deletion of "feloniously" was a result of Congress' effort to delete references to felonies and misdemeanors from the code, inasmuch as both terms were defined in 18 U.S.C. § 1 (repealed), Congress' failure to give some indication that intent was to remain an element of bank robbery may provide support for the proposition that intent was not conceived as an element of the crime. *See United States v. Richardson,* 687 F.2d 952, 957 (7th Cir.1982).

Thus, the *Brittain* court found that the history of the statute mandated against a finding that bank larceny is a lesser included offense of bank robbery. Accordingly, at most, the revisions to the criminal code provide minimal guidance as to the meaning of section 2113. For this reason, we find even more helpful to our conclusion that bank larceny is not a lesser included offense of bank robbery, the combination of both the

**4.** The *Brittain* court questioned the plausibility of this argument in light of the Supreme Court's statement in *Bell v. United States,* 462 U.S. at 360, 103 S.Ct. at 2401, that the phrase "with intent to steal or purloin" in subsection 2113(b) "has no established meaning at common law." *Brittain,* 41 F.3d at 1413.

literal words of the statute and the factual history underlying the enactment of the larceny statute.

We recognize that the Courts of Appeals for the First, Fourth, Fifth, Sixth, Eighth, Tenth and Eleventh Circuits have held, or at least indicated, that bank larceny is a lesser included offense of bank robbery. *See United States v. Henson,* 945 F.2d 430, 440 (1st Cir.1991) (stating that "failure to instruct on the lesser charge of bank larceny" not plain error); *United States v. Carter,* 540 F.2d 753, 754 (4th Cir.1976) (holding that court must instruct jury on lesser included offense of bank larceny where there is factual dispute as to existence of force and violence or intimidation but affirming because evidence did not require larceny instruction); *United States v. Walker,* 75 F.3d 178 (4th Cir.) (same), *cert. denied,* —— U.S. ——, 116 S.Ct. 2513, 135 L.Ed.2d 202 (1996); *United States v. Flint,* 534 F.2d 58, 60 (5th Cir.1976) (affirming district court's refusal to give instruction on lesser included offense of bank larceny because there was no factual dispute as to the presence of intimidation or violence but indicating that bank larceny is a lesser included offense in a bank robbery indictment); *United States v. Perry,* 991 F.2d 304, 307 (6th Cir.1993) ("[T]he court declined to instruct the jury on the lesser included offense of bank larceny, 18 U.S.C. § 2113(b)."); *United States v. Cady,* 495 F.2d 742, 747–48 (8th Cir.1974) (recognizing that bank larceny is a lesser included offense of bank robbery under section 2113); *United States v. Brittain,* 41 F.3d 1409; *United States v. Cornillie,* 92 F.3d 1108, 1110 (11th Cir.1996) (acknowledging, without discussion, that bank larceny is a lesser included offense of bank

robbery).[5] In our view, these opinions are not consistent with the methodology of *Schmuck.* Therefore, we reject the majority view that bank larceny is a lesser included offense of bank robbery.

## IV. CONCLUSION

In view of the aforesaid, we hold that the district court's refusal to grant Mosley's request for a jury instruction on bank larceny was proper as bank larceny is not a lesser included offense of bank robbery.[6] We accordingly will affirm the conviction and sentence of the district court entered December 11, 1996.

---

5. The Court of Appeals for the Seventh Circuit has conflicting holdings on this issue. In 1969, the court held that "[t]his is not an instance of 'lesser-included offense' which would have entitled defendant to the jury instruction he sought, since the commission of either crime is made unlawful by the same statutory section and one is not 'lesser' than the other." *United States v. Hephner,* 410 F.2d 930, 934 (7th Cir.1969). In contrast, the court held in 1996 (without reversing or even commenting on the earlier holding) that "[a]s an element of the crime of bank robbery, 18 U.S.C. § 2113(a), the government must prove that the accused committed the crime 'by force and violence, or by intimidation.' This element is missing from the lesser included crime of bank larceny under 18 U.S.C.

§ 2113(b)." *United States v. Sandles,* 80 F.3d 1145, 1147 n. 1 (7th Cir.1996).

6. We recognize that our result will mean that if a jury concludes that a defendant did not use force and violence or intimidation in a bank robbery case, but nevertheless intended to steal or purloin the property or money, it must acquit the defendant if the indictment is only for bank robbery. We, however, express no view on whether a grand jury may indict a defendant for both bank robbery and bank larceny by reason of a single incident, as that issue is not involved here. Finally, we note that Mosley does not contend that the evidence cannot support the bank robbery conviction on count one.