**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIS JEFFREY KELLY,

Defendant-Appellant.

No. 98-2339
(D.C. No. CR-97-692-MV
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, the panel has determined oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Defendant Willis Jeffrey Kelly appeals his convictions on one count of burglary of a credit union, 18 U.S.C. § 2113(a), and one count of attempted

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

escape from a federal holding facility, 18 U.S.C. § 751(a). Defendant's counsel has determined the appeal to be frivolous and has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), stating there are no issues that would entitle defendant to relief. The certificate of service filed as a part of the brief indicates defendant was mailed a copy of the brief and, thereby, has had an opportunity to raise any additional points. Defendant has filed no additional pleading to date.

Consistent with obligations under <u>Anders</u> and <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), defendant's counsel has identified two possible issues as grounds for appeal. Counsel candidly acknowledges governing law affords defendant no relief on these issues.

Defense counsel requested a lesser included offense instruction on the 18 U.S.C. § 2113(a) charge, apparently over defendant's objection. Although we held in <u>United States v. Brittain</u>, 41 F.3d 1409, 1415 (10th Cir. 1994), that bank larceny (18 U.S.C. § 2113(b)) may be a lesser included offense of bank robbery (18 U.S.C. § 2113(a)), the manner in which defendant was charged here did not permit a lesser included offense instruction. Defendant was charged under the *second* paragraph of 18 U.S.C. § 2113(a):

> Whoever enters or attempts to enter any . . . credit union . . . with intent to commit in such . . . credit union . . . any felony affecting such . . . credit union . . . and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

Section 2113(b) provides in relevant part:

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any . . . credit union . . . shall be fined under this title or imprisoned not more than ten years, or both.

If defendant had been charged under the *first* paragraph of § 2113(a), which requires use or attempted use of "force and violence" or intimidation, a § 2113(b) lesser included offense instruction would have been warranted. Since the second paragraph of § 2113(a) requires no such "force and violence" or intimidation, however, § 2113(b) is not a lesser included offense of the second paragraph of § 2113(a) where, as here, it is undisputed that defendant entered or attempted to enter a credit union with intent to commit a felony or larceny.

Defendant's counsel also notes defendant insisted at trial he should have been permitted to testify during his case-in-chief about conditions of his confinement. We find the district court properly held defendant's allegations of abuse by jailers had no relevance to his guilt and were thus inadmissible. See Fed. R. Evid. 401-402.

We have conducted an independent analysis of the record and find no error in any of the district court's rulings. We conclude, as both parties have acknowledged in the briefs, that the evidence against defendant was

-3-

overwhelming and clearly sufficient to sustain his convictions.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge