**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAY 20 2004**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY BERNARD RIGGANS,

Defendant-Appellant.

No. 03-3250
(D.C. No. 02-CV-3297-JWL)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Timothy Riggans appeals from the denial of post-conviction relief under 28 U.S.C. § 2255. Defendant challenged his conviction for bank

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

larceny on four grounds. In a very thorough order, the district court explained why defendant's claims lacked merit. Defendant moved unsuccessfully for reconsideration under Fed. R. Civ. P. 59(e), and then appealed. The district court granted a certificate of appealability (COA) on two related claims: (1) whether trial/appellate counsel (one and the same) was ineffective in failing to challenge defendant's conviction for bank larceny as a lesser included offense of bank robbery, in light of later Supreme Court authority rejecting this characterization of bank larceny; and (2) whether, in light of the same authority, defendant was wrongfully convicted of an offense not charged in the indictment. Defendant has requested that we grant a COA on two other issues raised in his § 2255 motion. While we act under review standards unique to an appellate court, we fully agree with the district court's analysis of the substance of this case. Accordingly, we decline to expand the COA and we affirm the denial of defendant's § 2255 motion for substantially the reasons articulated by the district court.

### Claims Based on *Carter*

When defendant was on trial, the law in this circuit held bank larceny to be a lesser included offense of bank robbery. *See United States v. Brittain*, 41 F.3d 1409, 1410 (10th Cir. 1994). Facing an extremely strong prosecution case on bank robbery, defendant's counsel made a sound strategic decision and requested

a lesser included offense instruction on bank larceny. The strategy succeeded, in that the jury found defendant guilty of bank larceny rather than robbery.

Two months later, the Supreme Court issued *Carter v. United States*, 530 U.S. 255 (2000), clarifying the elements of bank larceny and holding that it is not a lesser included offense of bank robbery. Defendant was sentenced within two weeks of that decision, and then took a direct appeal. On appeal, he relied on *Carter* to challenge the content of the trial court's instruction on bank larceny, but did not argue that it was error to have instructed on the offense per se. This court affirmed his conviction despite the omission of an element of bank larceny identified by *Carter* ("carrying away" the stolen property), because "there was overwhelming evidence that [he] carried the [stolen] money away from the bank." *United States v. Riggans*, 254 F.3d 1200, 1203 (10th Cir. 2001).

In this § 2255 proceeding, defendant claims that it was error to instruct on bank larceny and that counsel was ineffective by failing to challenge the resultant conviction on this basis. The district court fleshed out the legal deficiencies in these claims at some length, but the basic weakness is easily summarized as follows: defendant seeks to gain a self-created windfall by collaterally attacking his conviction on the basis of a sound strategic decision by counsel that in all likelihood afforded defendant a substantial benefit.

Defendant was able to avoid conviction on the robbery charge when the trial court granted his request for a lesser included offense instruction on larceny, and yet now insists he should be able to void the resultant larceny conviction by arguing that the trial court should not have instructed on that offense. We need not repeat the district court's detailed analysis here. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error." *United States v. LaHue*, 261 F.3d 993, 1011 (10 th Cir. 2001) (quotation omitted). This doctrine has been applied on numerous occasions to bar lesser-included-offense challenges. *See, e.g.*, *United States v. Bennafield*, 287 F.3d 320, 325 (4 th Cir.), *cert. denied*, 537 U.S. 961 (2002); *United States v. Butler*, 74 F.3d 916, 918 n.1 (9 th Cir. 1996); *Leverett v. Spears*, 877 F.2d 921, 924 (11 th Cir. 1989). Indeed, the equitable underpinnings of the doctrine are especially apt here, where the pre-error status quo cannot be restored because retrial on the bank robbery charge would now be precluded by double jeopardy principles, *see Price v. Georgia*, 398 U.S. 323, 326-27 (1970).

The applicability of the invited error doctrine also undercuts defendant's related claim that counsel was ineffective for not challenging the lesser include offense instruction under *Carter* during prior proceedings in this case. "If [an] omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Parker v. Champion*, 148 F.3d

1219, 1221 (10 th Cir. 1998) (quotation omitted). Here, the invited error doctrine would have precluded relief had counsel tried to overturn defendant's conviction either by post-trial motion or direct appeal. *See, e.g.*, *LaHue*, 261 F.3d at 1013 (affirming denial of new trial motion on basis of invited error); *United States v. Edward J.*, 224 F.3d 1216, 1222 (10 th Cir. 2000) (rejecting appeal on basis of invited error). Given this legal obstacle, counsel's omission cannot support an ineffective assistance claim. *See id.* at 1222 (rejecting appellate ineffectiveness claim because omitted issue would have been subject to invited error doctrine).

### Claims Awaiting COA Determination

Defendant requested a COA to appeal two other claims raised in his § 2255 motion. We agree with the district court that these claims do not rise even to the "debatable" level and we therefore deny defendant's request. *See generally* *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On direct appeal, defendant argued that the bank larceny instruction given at trial failed to include as an element of the offense the act of "carrying away" the stolen money. As counsel had not raised the objection at trial, this court reviewed only for plain error and denied relief because the incomplete instruction "did not seriously affect the fairness, integrity or public reputation of [the] trial." *Riggans*, 254 F.3d at 1202 (quotation omitted). Defendant claims that counsel's omission reflects professionally deficient performance and that the dispositive

application of the plain error standard reflects the consequent prejudice to his case. As the district court noted, however, *the reason* this court held that the fairness, integrity, and public reputation of the trial were not seriously affected was that "[a]s is readily apparent from . . . the facts, there was overwhelming evidence that [defendant] carried the money away from the bank." *Id.* at 1203; *see also id.* at 1201-02 (reciting facts underlying this conclusion, including eyewitness testimony as well as stains from bank dye pack on defendants' hands, on money and towel in his possession, and on back seat of car he used to exit crime scene). Given that assessment of the relevant evidence, and the lack of any challenge to it here, any reasonable jurist would conclude as the district court did that defendant suffered no cognizable prejudice: even if counsel had preserved an objection to the bank larceny instruction, the same result would have obtained on appeal under the rubric of harmless error. *See Neder v. United States*, 527 U.S. 1, 17, 19 (1999).

Finally, defendant claims counsel was ineffective for failing to challenge the sufficiency of the government's evidence that the bank was FDIC insured at the time of the crime. The evidence recited by the district court was plainly sufficient to preclude acquittal on this basis. Defendant appears to be confusing sufficient evidence with conclusive proof.

Defendant's request for a COA on his ineffective assistance claims relating to the content of the larceny instruction and the sufficiency of the government's proof of FDIC insurance is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge